UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA MARIE BAILEY,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>OCWEN LOAN SERVICING, LLC; and U.S. BANK, N.A., in its Capacity as Trustee for the Holders of Mastr Asset Backed Securities Trust 2005-WMCI, Mortgage Pass-Through Certificates,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv227-MMA (BGS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AS COUNSEL**<br><br>[Doc. No. 11] |

John R. Habashy, Tiffany N. Buda, and Lexicon Law, PC (collectively, "the firm") move to withdraw as counsel of record for Plaintiff Eva Marie Bailey ("Plaintiff"). *See* Doc. No. 11. The motion is unopposed to date. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 13. For the reasons set forth below, the Court **GRANTS** the firm's unopposed motion to withdraw as counsel.

## BACKGROUND

On January 31, 2019, Plaintiff commenced this action against Ocwen Loan Servicing, LLC and U.S. Bank, N.A., in its Capacity as Trustee for the Holders of Mastr Asset Backed Securities Trust 2005-WMCA, Mortgage Pass-Through Certificates

("Defendants"). *See* Doc. No. 1 (hereinafter "Compl."). Plaintiff alleges claims for: (1) violations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1026, *et seq.*; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (3) violations of the Homeowner's Bill of Rights, Assembly Bill No. 278, Chapter 89, 2011-2012, Cal. Civ. Code § 2920, *et seq.*; (4) breach of contract; and (5) negligence. *See id.*

On February 25, 2019, Defendants filed a motion to strike portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). *See* Doc. No. 7. On March 18, 2019, the parties filed a joint motion to stay all litigation "because they [are] in the process of having substantial settlement discussions." Doc. No. 9 at 2. The Court granted the joint motion and extended the current briefing schedule on Defendants' motion. *See* Doc. No. 10. Specifically, Plaintiff's opposition must be filed on or before June 14, 2019, and any reply brief must be filed on or before June 21, 2019. *See id.* at 2.

Plaintiff's counsel filed the instant motion on April 16, 2019. *See* Doc. No. 11.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* CivLR 83.3.f.3. The decision to grant or deny a motion for withdrawal is within the Court's sound discretion, and courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540-IEG (WVG), 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013).

Pursuant to Civil Local Rule 83.3, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3.f.3.a. Additionally, a declaration "pertaining to such service must be filed." CivLR 83.3.f.3.b. Moreover, under the California Rules of Professional Conduct, an attorney may seek to withdraw from representation if the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct

1.16(b)(4).

Here, the Court finds good cause for the firm's withdrawal. In his accompanying declaration, Mr. Habashy states that the firm was retained on or about November 7, 2018 to represent Plaintiff in this action. *See* Doc. No. 11-2 (hereinafter "Habashy Decl."). Since then, "[c]ommunication has eroded and there are irreconcilable differences between [the] firm and Plaintiff." *Id.* ¶ 3. The Court finds that this constitutes good cause for withdrawal. *See Hoffman v. United States*, No. 7-cv-273 WQH (LSP), 2007 WL 3037463, at *1 (S.D. Cal. Oct. 16, 2007) (granting motion o withdraw as counsel due to conflict of interest and irreconcilable differences). Moreover, the firm took all the appropriate steps to notify Plaintiff and defense counsel of its intent to withdraw as counsel. *See* Doc. No. 11-1. Further, Plaintiff does not oppose the motion, and it appears that neither party will suffer prejudice as a result of the firm's withdrawal from this matter. Accordingly, the Court **GRANTS** the firm's unopposed motion to withdraw as counsel.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the firm's unopposed motion to withdraw as counsel of record for Plaintiff. Accordingly, the Clerk of Court is instructed to terminate John R. Habashy and Tiffany N. Buda of Lexicon Law, PC as attorneys of record for Plaintiff.

If Plaintiff wishes to substitute new counsel, she must notify the Court of substituted counsel within thirty (30) days of this Order. The Court advises Plaintiff that until she retains new counsel, she is proceeding *pro se* in this matter. The Clerk of Court is directed to indicate Plaintiff's *pro se* status on the docket and update Plaintiff's address to her last known address as set forth in the firm's moving papers. The Clerk of Court is further directed to serve a copy of this Order on Plaintiff via U.S. Mail at her last known address.

Plaintiff is further advised that she must provide the Court with her current contact information, if different than her last known mailing address, so that the docket of the

case may be updated accordingly. Plaintiff must also comply with all previous deadlines set forth by the Court, as well as the time limitations established by the Federal Rules of Civil Procedure and the Civil Local Rules for the United States District Court for the Southern District of California.

**IT IS SO ORDERED.**

Dated: May 23, 2019

HON. MICHAEL M. ANELLO
United States District Judge