| | |
|---|---|
| 8 | **UNITED STATES DISTRICT COURT** |
| 9 | **SOUTHERN DISTRICT OF CALIFORNIA** |
| 10 | |
| 11 | EVA MARIE BAILEY,     Case No.: 19cv227-MMA (BGS) |
| 12 | Plaintiff,    **ORDER DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** |
| 13 | v. |
| 14 | OCWEN LOAN SERVICING, LLC; U.S. BANK, N.A., In Its Capacity as Trustee for the Holders of Mastr Asset Backed Securities Trust 2005-WMCI, Mortgage Pass-Through Certificates,    [Doc. No. 7] |
| 15 | |
| 16 | |
| 17 | Defendants. |
| 18 | |

Plaintiff Eva Marie Bailey ("Plaintiff") commenced this action against Defendants Ocwen Loan Servicing, LLC and U.S. Bank, N.A., in its capacity as trustee for the holders of Mastr Asset Backed Securities Trust 2005-WMCI, Mortgage Pass-Through Certificates (collectively, "Defendants") on January 31, 2019. *See* Doc. No. 1 (hereinafter "Compl."). Plaintiff alleges claims for: (1) violations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1026, *et seq.*; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; (3) violations of the Homeowner's Bill of Rights Act, Assembly Bill No. 278, Chapter 86, 2011-2012, Cal. Civ. Code § 2920, *et seq.*; (4) breach of contract, Cal. Civ. Code §§ 3300-02 and 3353-60; and (5) negligence, Cal. Civ. Code § 1714. *See id.*

On February 25, 2019, Defendants filed a motion to strike portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). *See* Doc. No. 7. Specifically, Defendants move to strike allegations regarding punitive damages, claiming Plaintiff has failed to allege specific facts indicating fraud, malice, or oppression. *See* Doc. No. 7-1 at 4.[1]

On March 19, 2019, the Court granted the parties' joint motion to stay this action until June 2019. *See* Doc. No. 10. The Court extended the briefing schedule on Defendants' motion and indicated that Plaintiff could file an opposition to Defendants' motion on or before June 14, 2019. *See id.* at 10. In May, the Court reiterated that Plaintiff's deadline to respond to Defendants' motion remained unchanged. *See* Doc. No. 14 at 4. To date, Plaintiff has not filed an opposition to Defendants' motion.

Here, while Defendants' motion to strike Plaintiff's prayer for punitive damages is unopposed, "[m]otions to strike on the grounds of *insufficiency*, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bianchi v. State Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (emphasis added). Defendants' challenges to Plaintiff's prayer for punitive damages are premised on insufficiency grounds. *See* Doc. No. 7-1 at 4 ("Plaintiff has *failed to plead any facts* that Defendants harbored any ill will or malice toward Plaintiff or acted with any intention whatsoever.") (emphasis added). Defendants, however, advance no arguments that Plaintiff's prayer for punitive damages "ha[s] no possible relation to the controversy" nor do Defendants identify any prejudice they will suffer as a

---

[1] Defendants cite to Cal. Civ. Code § 3294 in support of their argument that under California law, a plaintiff may only recover punitive damages where the defendant acts with malice, oppression, or fraud. *See* Doc. No. 7-1 at 3. However, "California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure" and does not apply in federal court. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015). Some courts have found that under federal pleading standards, a plaintiff can simply recite a short and plain prayer for punitive damages. *See, e.g., Alejandro v. ST Micro Elecs., Inc.*, 129 F. Supp. 3d 898, 817-18 (N.D. Cal. 2015).

result if Plaintiff's prayer for punitive damages is not stricken from the Complaint. *Bianchi*, 120 F. Supp. 2d at 841.

Accordingly, the Court, in its discretion, **DENIES** Defendants' motion to strike Plaintiff's prayer for punitive damages. *See Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (noting the decision to "grant a motion to strike lies within the sound discretion of the district court.").

**IT IS SO ORDERED.**

Dated: July 5, 2019

HON. MICHAEL M. ANELLO
United States District Judge